**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4049

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MEKHI MARQUISE HOOI,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00062-D-RN-1)

Submitted:  August 28, 2025                    Decided:  September 3, 2025

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mekhi Marquise Hooi pled guilty pursuant to a written plea agreement to Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced Hooi to a total of 120 months' imprisonment followed by a three-year term of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hooi's sentence is procedurally and substantively reasonable. Although he was informed of his right to do so, Hooi has not filed a pro se supplemental brief. The Government moves to dismiss the appeal based on the appeal waiver in Hooi's plea agreement, in which he broadly waived his right to appeal his conviction and sentence on any ground, excepting only ineffective assistance of counsel and prosecutorial misconduct claims. We affirm in part and dismiss in part.

Hooi's waiver of appellate rights does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P.

2

11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the magistrate judge conducted a thorough and complete Rule 11 hearing. We therefore conclude that Hooi entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Hooi's waiver of his appellate rights, "[w]e review the validity of an appellate waiver de novo." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (internal quotation marks omitted). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Hooi knowingly and intelligently waived his right to appeal his sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel raise fall squarely within the scope of the waiver. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We affirm the remainder of the judgment.

This court requires that counsel inform Hooi, in writing, of the right to petition the Supreme Court of the United States for further review. If Hooi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hooi. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4